IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN BIGOSKI ODOM,                              No. 2:12-cv-0390-LKK-CMK-P

      Plaintiff,

  vs.                                                         ORDER

SOLANO COUNTY JUSTICE CENTER
DETENTION FACILITY,, et al.

      Defendants.

                                 /

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's statement of his claim is contained in one paragraph in his complaint. Specifically, plaintiff alleges the following:

> I am supposed to wear a leg lift in my left shoe due to an inch in a
> half length discrepency I have had my orthotic taken away since
> the day I was incarcerated June 22, 2011 due to not having or being
> allowed to have my orthotic it causes me severe pain in my back
> my left hip which I currently have osteoarthritist already as well as
> my left knee having had surgery on it in 2006 I also have slight
> scoliosis due to the length discrepency not having my orthotic is
> making all my pain worse and now I'm needing left knee surgery

(Compl., Doc. 1, at 3 (errors in original)).

Plaintiff names the Solano County Jail, Gary R. Stanton, Lt. Marsh, and Dr. James Firman as defendants to this action.

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

1  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only
2  when two requirements are met: (1) objectively, the official's act or omission must be so serious
3  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
4  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
5  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
6  official must have a "sufficiently culpable mind."  See id.

7  Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
8  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
9  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
10 health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is
11 sufficiently serious if the failure to treat a prisoner's condition could result in further significant
12 injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d
13 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
14 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
15 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
16 activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
17 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

18 The requirement of deliberate indifference is less stringent in medical needs cases
19 than in other Eighth Amendment contexts because the responsibility to provide inmates with
20 medical care does not generally conflict with competing penological concerns.  See McGuckin,
21 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
22 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
23 1989).  The complete denial of medical attention may constitute deliberate indifference.  See
24 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
25 treatment, or interference with medical treatment, may also constitute deliberate indifference.
26 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation

4

of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

Here, plaintiff not only fails to state who was responsible for denying him his orthotic insert, he fails to meet the pleading standard to state a claim for deliberate indifference to a serious illness or injury  under the Eighth Amendment.  Plaintiff does not set forth who denied him necessary medical equipment, whether he requested the necessary medical equipment, and the circumstances surrounding the denial of the orthotics.  Based on the allegations in the complaint, it is possible that the medical personnel were simply negligent in obtaining the orthotic in a timely manner.  There is simply not enough information in the complaint for the court to find any of the defendants acted with the intention of deliberately denying plaintiff medically necessary equipment.

### III.  REQUEST FOR COUNSEL

In addition, plaintiff has filed a request for the appointment of counsel (Doc. 10). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding

of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, the facts and law concerning plaintiff's Eighth Amendment claims are not overly complex.  Second, the record demonstrates that plaintiff so far appears able to articulate his claims on his own.  His pleadings are legible and articulate, even though they are currently insufficient to state a claim.  Third, at this early state of the proceedings, the court cannot say that plaintiff has demonstrated any particular likelihood of success on the merits.

## IV.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order; and

3. Plaintiff's motion for appointment of counsel (Doc. 10) is denied.

DATED: March 6, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE