1
2
3
4
5
6
7
8                        **IN THE UNITED STATES DISTRICT COURT**
9                       **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11    RYAN BIGOSKI ODOM,                    No. 2:12-cv-0390-LKK-CMK-P
12                 Plaintiff,
13          vs.                                        <u>ORDER</u>
14    SOLANO COUNTY JUSTICE CENTER
      DETENTION FACILITY, et al.,
15
                 Defendants.
16    _____/
17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42
18    U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 13).
19          The court is required to screen complaints brought by prisoners seeking relief
20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.
21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or
22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,
24    the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement
25    of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means
26    that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

with at least some degree of particularity overt acts by specific defendants which support the

claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In his amended complaint, plaintiff alleges that Dr. Firman prescribed orthotic

inserts for his left shoe, which was necessary due to a deformed hip.  However, Lt. Marsh and the

Facility Medical Director, who were the two with the final decision making authority, refused to

allow him the orthotic.  Because of the refusal, he lived with severe pain during his time at the

Solano County Jail, June 22, 2011, through November 13, 2013.  Plaintiff names the Solano

County Justice Center Detention Facility, Lt. Marsh, the Facility Medical Director as defendants

to this action.

## II. DISCUSSION

Plaintiff was previously informed what was required to state a claim under 42

U.S.C. § 1983 for violation of his civil rights.  Plaintiff originally named Dr. Firman as a

defendant in this action.  However, it is clear from plaintiff's amended complaint, that Dr.

Firman is not the one responsible for refusing to provide plaintiff with his medical device.

Rather, Dr. Firman actually prescribed the device which others then denied.  Therefore, Dr.

Firman will be dismissed from this action.

As written, plaintiff has alleged sufficient facts to state a claim against Lt. Marsh

and the Facility Medical Director.  The Director will need to be identified, as only the individual

who participated in the decision making process at the time can be held responsible.  If another

individual is now holding that position, no liability will attach to that person.  However, there are

2

1   other deficiencies in Plaintiff's amended complaint which must be cured before this case can go

2   forward.

3           Plaintiff was informed that to state a claim under 42 U.S.C. § 1983, he must allege

4   an actual connection or link between the actions of the named defendants and the alleged

5   deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423

6   U.S. 362 (1976).  However, in his amended complaint, plaintiff fails to allege any facts relating

7   to the Solano County Justice Center Detention Facility.  Municipalities and other local

8   government units are among those "persons" to whom § 1983 liability applies.  See Monell v.

9   Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are

10  also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles,

11  885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held

12  responsible for the acts of its employees or officials under a respondeat superior theory of

13  liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal

14  liability must rest on the actions of the municipality, and not of the actions of its employees or

15  officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the

16  constitutional deprivation complained of resulted from a policy or custom of the municipality.

17  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it

18  is based on nothing more than bare allegations that an individual defendant's conduct conformed

19  to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d

20  621, 624 (9th Cir. 1988).   If plaintiff contends the facility itself has violated his rights, he must

21  allege facts specifically related to the facility, that meet the requirements set forth above.

22          In addition, plaintiff's amended complaint is not signed.  Rule 11 of the Federal

23  Rules of Civil Procedure require every pleading to be signed, either by the attorney of record or

24  by the party personally if unrepresented.  Thus, the amended complaint is insufficient as filed.

25  Plaintiff must submit a signed second amended complaint if he wishes to proceed in this action.

26  ///

**III.  CONCLUSION**

1

2       Because it is possible that the deficiencies identified in this order may be cured by

3  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

4  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

5  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

6  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

7  amend, all claims alleged in the original complaint which are not alleged in the amended

8  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

9  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

10  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

11  complete in itself without reference to any prior pleading.  See id.

12       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

13  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

14  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

15  each named defendant is involved, and must set forth some affirmative link or connection

16  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

17  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18       Finally, plaintiff is warned that failure to file an amended complaint within the

19  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

20  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

21  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

22  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

23       Accordingly, IT IS HEREBY ORDERED that:

24       1.       Plaintiff's amended complaint is dismissed with leave to amend; and

25  / / /

26  / / /

4

1    2.  Plaintiff shall file a signed second amended complaint within 30 days of

2 the date of service of this order.

3

4 DATED:  April 23, 2014

5

6             **CRAIG M. KELLISON**
             UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26