IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BIGOSKI ODOM, | No. 2:12-cv-0390-JAM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY JUSTICE CENTER DETENTION FACILITY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to postpone her deposition (Doc. 29) and motion to appoint counsel (Docs. 25, 28).  Defendants have filed an opposition to the motion to postpone deposition.

As to her motion to appoint counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional

circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate her claim, which does not appear to be overly complex.  In her motion, plaintiff states that she requests counsel as an indigent inmate, who is unable to afford counsel, as she is concerned about answering questions in discovery which could be used against her in a criminal prosecution.  The court finds these reasons insufficient to meet the "exceptional circumstances" requirement or establish that plaintiff cannot articulate her claims without counsel.  In addition, given the facts as alleged in the complaint, it is not apparent at this stage of the proceedings, that plaintiff will succeed on the merits of her claims.

As to plaintiff's request for a postponement of her deposition, the court finds no grounds in which to grant such a request.  To the extent her motion is based on her request for counsel, the motion for the appointment of counsel, as discussed herein, will be denied.  To the extent she is afraid she may be asked questions which could be used against her in a criminal prosecution, plaintiff is informed pursuant to Rule 26(b) of the Rules of Civil Procedure, discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As this case relates to medical equipment that plaintiff claims she was denied, the court does not see how questions related thereto would have any rational relationship to a criminal prosecution.  However, if questions are asked that plaintiff finds objectionable, the proper method for challenging specific questions during a deposition is set forth in Rule 30(c).  Specifically, if plaintiff objects to a question during her deposition, she must note it on the record, but the examination will still proceed.  In addition, as the defense states, she also retains the right to

assert her Fifth Amendment right against self incrimination if the need arises.

        Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's motions for the appointment of counsel (Docs. 25, 28) are denied; and

        2.     Plaintiff's motion to postpone her deposition (Doc. 29) is denied.

DATED: December 2, 2015

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE